IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Beverly Mott and Nora Lemons, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 4:09-cv-02736-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| KIA Motors, Inc. and KIA Motors Corporation, | ) ) | |
| | ) | |
| Defendants. | ) | |
|   | ) | |

Before the court is Defendants KIA Motors, Inc. and KIA Motors Corporation's Motion for Summary Judgement [Doc. 51]. Plaintiffs Beverly Mott and Nora Lemons allege that a defect in Plaintiff Mott's 2007 KIA Sportage caused an unintended acceleration of the vehicle and resulted in injury to Plaintiffs. Plaintiffs' Amended Complaint [Doc. 27] alleges causes of action based upon breach of warranty, breach of implied warranty, strict liability in tort, and negligence. Based on the record before the court, Defendants' motion is granted.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

Plaintiffs allege that on November 27, 2008, Plaintiff Mott was operating her KIA Sportage while Plaintiff Lemons was a passenger in the vehicle. Plaintiffs allege that a defect in the vehicle caused the vehicle to accelerate in an uncontrolled and uncommanded manner. Plaintiffs allege that as a result of the acceleration, the vehicle crashed causing injury to Plaintiffs.

Plaintiffs filed a suit against Defendants in the Fourth Judicial Circuit of the South Carolina Court of Common Pleas alleging breach of warranty, breach of implied warranty, strict liability in tort, and negligence. Defendants subsequently removed the action to this court. Deadlines for expert disclosure and discovery have expired in this case. On July 15, 2011, Defendants filed

Defendants' Motion and Memorandum to Exclude the Testimony of James Middleton Pursuant to Fed. R. Evid. Rule 702 [Doc. 50] and Defendants' Motion for Summary Judgment [Doc. 50]. In response to Defendants' motions, Plaintiffs submitted a letter [Doc. 53] notifying this court that Plaintiffs' engineering expert, James Middleton, had informed Plaintiffs that after obtaining additional evidence he could no longer defend his opinions in this case. As a result, Plaintiffs stated that they would not file a memorandum in opposition to Defendants' motions. Subsequently, this court issued a Text Order [Doc. 56] granting Defendants' Motion to Exclude the Testimony of James Middleton Pursuant to Fed. R. Evid. Rule 702. Defendants' Motion for Summary Judgment [Doc. 51] is now before the court.

In support of their Motion, Defendants have provided the court with the Declaration of Karl Stopchinski [Doc. 50-5] and Report of Karl Stopchinski [Doc. 50-14] in which Mr. Stochinski, a licensed professional engineer, states that, with a reasonable degree of engineering certainty, a malfunction of the vehicle was not the cause of the crash. Plaintiffs have opted not to oppose Defendants' Motion. Thus, there is no evidence before the court which demonstrates a genuine issue of material fact exists in this case or that Defendants are not entitled to judgment as a matter of law.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment [Doc. 51] is **GRANTED**.

**IT IS SO ORDERED.**

United States District Judge

February 22, 2011
Florence, South Carolina